RESOLUCIÓN
Atendida la Moción sobre Incumplimiento de Sentencia presentada por la parte peticionaria, Educadores/as por la Democracia, Unidad, Cambio, Militancia y Organización Sindical, Inc. y por la parte interventora Educadores Puertorriqueños en Acción, se provee “no ha lugar” porque el foro adecuado es el Tribunal de Primera Instancia.
Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal Supremo. Todos los Jueces intervinieron por Regla de Necesidad. El Juez Asociado Señor Martínez Torres emitió un voto particular de conformidad, al cual se unió la Juez Asociada Señora Rodríguez Rodríguez. La Jueza Asociada Oronoz Rodríguez emitió la expresión siguiente:
Estoy conforme con declarar “no ha lugar” a la Moción sobre Incumplimiento de Sentencia presentada por Educadores/as *397 por la Democracia, Unidad, Cambio, Militancia y Organización Sindical, Inc. y la parte interventora Educadores Puertorriqueños en Acción (en conjunto, peticionarios). También estoy conforme con que se le instruya a que presenten su reclamo ante el Tribunal de Primera Instancia pues el Tribunal Supremo no tiene jurisdicción en esta etapa para atender el asunto que se trae a nuestra atención. Ello porque la jurisdicción de este Tribunal sobre el caso de epígrafe culminó cuando remitió el mandato al Tribunal de Primera Instancia, luego de que la sentencia emitida en AMPR et als. v. Sist. Retiro Maestros V, 190 DPR 854 (2014), adviniera final y firme. Es un asunto tan sencillo que no amerita mayor explicación.
Ello no implica que los peticionarios se queden sin remedio; solo tienen que presentar su reclamo ante el foro adecuado. El hecho de que la controversia originalmente se haya expedido mediante certificación intrajurisdiccional no cambia ese hecho ni le otorga jurisdicción a un tribunal cuando no la tiene. Hablar, pues, de “cuántos jueces están bailando sobre el sable de la injusticia” —como si referir un asunto al foro correcto para que se dilucide en los méritos y respetar cabalmente nuestro marco jurisdiccional fuera una injusticia— no es más que otra imagen .alegórica autocomplaciente, tras un subterfugio falso de justicia, de las que lamentablemente abundan en este Tribunal.
Por último, cabe señalar que lo preocupante en esta situación no es que se le indique a una parte cuál es el foro adecuado para presentar su reclamo, sino que varios Jueces de este Tribunal parecen estar prejuzgando un asunto que con gran probabilidad estará próximamente ante nuestra consideración. Eso es motivo de preocupación pues, sin lugar a dudas, una de las partes no tendrá un foro de última instancia imparcial que revise las determinaciones de los foros inferiores.
La Jueza Asociada Señora Pabón Charneco y los Jueces Asociados Señor Kolthoff Caraballo, Señor Rivera García y Señor Estrella Martínez atenderían la moción y la referirían al Tribunal de Primera Instancia para vista de desacato. La Jueza Asociada Señora Pabón Charneco emitió la expresión siguiente, a la que se unió el Juez Asociado Señor Kolthoff Caraballo:
Disiento y hubiera remitido directamente este asunto al Tribunal de Primera Instancia para comenzar un procedimiento *398 de desacato. Debe recordarse que este asunto se atendió directamente por este Tribunal mediante un recurso de certificación, por lo que asumimos jurisdicción del mismo por reconocer su carácter trascendental y de alto interés público. Por eso, ante un reclamo por parte de los peticionarios en el cual se detalla el abierto desafío a las órdenes y dictámenes de este Tribunal, hubiera remitido directamente la Moción sobre Incumplimiento de Sentencia a la atención del foro de instancia.
Al no hacerlo, una Mayoría del Tribunal ignora y, por consiguiente, ratifica el incumplimiento de nuestras órdenes. ¿Qué mensaje se envía cuando este Tribunal convalida un desafío a su autoridad de esta magnitud? Difícilmente puede concebirse la afronta que hoy ratifica una Mayoría del Tribunal como una mera “teoriza [ción] acerca de cuántos ángeles pueden bailar en la cabeza de un alfiler”. Voto particular de conformidad del Juez Asociado Señor Martínez Torres, pág. 401. Lamento que esa sea la visión de algunos miembros de este Tribunal cuando sus órdenes son ignoradas. A fin de cuentas, poco importa saber cuántos de estos ángeles pueden bailar en la cabeza de un alfiler si tenemos certeza de cuántos Jueces están bailando en el sable de la injusticia.
Como no puedo prestar mi voto para convalidar un desafío a la autoridad de este Tribunal, y ya que difiero de la revocación sub silentio de AMPR et als. v. Sist. Retiro Maestros V, 190 DPR 854 (2014), disiento de la determinación de la Mayoría del Tribunal. En consecuencia, hubiera remitido el asunto directamente al foro de instancia para el comienzo del procedimiento de desacato.
El Juez Asociado Señor Estrella Martínez emitió un voto particular disidente, al cual se unió el Juez Asociado Señor Rivera García.
(.Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo

Voto particular de conformidad emitido por el
Juez Asociado Señor Martínez Torres, al cual se unió la Juez Asociada Señora Rodríguez Rodríguez.
La norma de que un tribunal solo puede actuar en un caso si tiene jurisdicción no es un “estorbo”. Voto particular *399 disidente del Juez Asociado Señor Estrella Martínez, pág. 407. Es la base en la que se sustenta el ejercicio del poder judicial. Sin jurisdicción, un tribunal no puede actuar.
A pesar de esto, se sugiere que atendamos la moción de la parte peticionaria, Educadores/as por la Democracia, Uni-dad, Cambio, Militancia y Organización Sindical, Inc. (EDUCAMOS) y de la parte interventora Educadores Puertorriqueños en Acción (EPA), y la refiramos al Tribunal de Primera Instancia. Se nos dice que como nuestro sistema judicial es unificado, podemos trasladar a nuestra consideración cualquier asunto que esté pendiente en cualquier tribunal de Puerto Rico, sin sujeción a las reglas de competencia. Esa posición no tuvo el aval del Tribunal en Alvarado Pacheco y otros v. ELA, 188 DPR 594 (2013), y solo fue adoptada por su propulsor en un voto particular. En aquel entonces, señalamos que el poder de la Asamblea Legislativa para legislar cuál será la competencia de los tribunales, Art. V, Sec. 2, Const. PR, LPRA, Tomo 1, no puede utilizarse para privar a este Tribunal de la jurisdicción para atender un asunto y evadir la revisión judicial “en una etapa significativa y decisiva del proceso legal” —Alvarado Pacheco y otros v. ELA, supra, pág. 616—, pues eso convertiría los foros de jerarquía inferior en tribunales de última instancia, al inmunizar sus decisiones de nuestra intervención. Id., págs. 615-616. Jamás igualamos nuestra jurisdicción unificada a una competencia universal para atender cualquier cosa en etapa original. Estaríamos agrandando nuestros poderes a expensas de los que la Constitución delegó a las otras ramas para legislar lo referente a competencia.
Si en Alvarado Pacheco y otros v. ELA, supra, señalamos que el rol constitucional que la See. 2 del Art. V de la Constitución otorga a la Rama Legislativa para legislar todo lo referente a la competencia de los tribunales no se puede usar para usurpar las facultades de este Tribunal como foro judicial de última instancia en un sistema de jurisdicción unificada —Art. V, Sec. 3, Const. P.R., supra—, entonces, la *400 contraparte de ese principio es que tampoco podemos usar ese rol como tribunal de mayor jerarquía para ignorar la división de competencia legislada para los tribunales. Si la Asamblea Legislativa no puede confundir los conceptos de jurisdicción y competencia para legislar lo primero con el pretexto de que atiende lo segundo, nosotros tampoco podemos otorgarnos el poder de reclamar jurisdicción con el pretexto de que lo que ejercemos es nuestra competencia.
Aun así, se nos plantea que tenemos jurisdicción para atender la moción presentada. Sin embargo, hay una realidad procesal innegable. En este caso nuestra jurisdicción cesó desde que remitimos el mandato al Tribunal de Primera Instancia. Colón y otros v. Frito Lays, 186 DPR 135, 153 (2012); Pérez, Ex parte v. Depto. de la Familia, 147 DPR 556, 572 (1999). Esto no tiene que ver con el carácter unificado de los tribunales. Se reduce a que el caso no está en este Tribunal. Aquí aplica el principio general de que no se puede ejercer jurisdicción si no la hay y que demostrada su ausencia el único curso de acción que está disponible es denegar lo que se trae ante nuestra consideración. González v. Mayagüez Resort & Casino, 176 DPR 848 (2009).
Consciente de ello, se nos plantea que la jurisdicción la tiene el Tribunal de Primera Instancia y que, como sistema unificado, lo que procede es “remitir directamente el asunto al foro de primera instancia para los trámites correspondientes del proceso de desacato [...]”. Voto particular disidente del Juez Asociado Señor Estrella Martínez, pág. 408. Para eso se reclama la jurisdicción unificada del Tribunal General de Justicia. Art. V. Sec. 2, Const. PR, supra.
Si decidiéramos hacer lo que se nos propone, debemos seguir la regla que promulgamos para ese tipo de situación excepcional en Freire Ayala v. Vista Rent, 169 DPR 418, 447 (2006). Ahora bien, en aquel caso resolvimos que la presentación de recursos en la secretaría del tribunal que no corresponde para forzar su traslado al foro competente afecta la buena marcha de los procesos judiciales y crea una carga *401 a los tribunales. Se nos convierte, para todo efecto práctico, en el mensajero de los peticionarios, encargados de remitir la moción a la secretaría del tribunal primario. Por esa razón, resolvimos que quien pretende eso debe asumir los gastos y como medida disuasiva se le debe requerir el pago de una cantidad que estimamos en aquel entonces en $400.(1)
¿Según qué fundamento vamos a eximir a los peticionarios del mismo trato? ¿Vamos a ser mensajeros gratuitos de los peticionarios? ¿Cómo se ganaron ese trato privilegiado? Podríamos remitir el asunto previo al pago de los $400, pero ¿no sería más conveniente y menos oneroso que los peticionarios eviten el desembolso tramitando su solicitud directamente en el tribunal que corresponde, mediante el mecanismo procesal correcto?
Es a eso a lo que se reduce el curso de acción del Tribunal y voto conforme con la Resolución presentada por consideración al orden procesal establecido y para no perjudicar innecesariamente a los peticionarios. En definitiva, todos estamos de acuerdo en que lo que se aduce en la moción se debe atender en el Tribunal de Primera Instancia. Para eso no hay que teorizar acerca de cuántos ángeles pueden bailar en la cabeza de un alfiler.

 Contrástese con lo sucedido en Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228 (2014), en donde expedimos el auto de certiorari y ordenamos la transferencia del caso de nuestra Secretaría a la Secretaría del Tribunal de Apelaciones sin imponerle el pago de los $400 a la parte peticionaria. Ese proceder se debió a que en ese caso tuvimos la oportunidad de aclarar una confusión que existía con relación a las revisiones administrativas de casos pendientes ante la Junta Revisora de Permisos y Uso de Terrenos de Puerto Rico. La parte actuó según lo permitía la ley recién emendada, a diferencia de este caso. Aquí la ley no crea ninguna confusión.